**FOR PUBLICATION**

| UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY | | |
|---|---|---|
| In Re: | Case No.: | 15-30672-ABA |
| LaRosa Greenhouse, LLP, | Chapter: | 12 |
| Debtor. | Judge: | Andrew B. Altenburg, Jr. |

## OPINION

**APPEARANCES**

David A. Kasen, Esquire
Kasen & Kasen
1874 East Route 70, Suite 3
Cherry Hill, NJ 08003
Attorney for Debtor

Andrea Dobin, Esquire
Trenk DiPasquale, et al.
427 Riverview Plaza
Trenton, NJ 08611
Chapter 12 Trustee

Timothy P. Duggan, Esquire
STARK & STARK
993 Lenox Drive, Bldg. 2
Lawrenceville, NJ 08648-2389
Attorneys for Farm Credit East, ACA

FILED
JEANNE A. NAUGHTON, CLERK
AUG 3 1 2017
U.S. BANKRUPTCY COURT
CAMDEN, N.J.
BY_____DEPUTY

## INTRODUCTION

LaRosa Greenhouse, LLP ("Debtor") filed a motion seeking to again modify its chapter 12 confirmed plan. The motion sought to increase or reduce the amount of payments to particular classes and to extend or reduce the time for making such payments. Farm Credit East, ACA ("Farm Credit") and the Chapter 12 Trustee objected. Section 1229(a) of title 11 permits a debtor to modify a plan post-confirmation under certain circumstances. The narrow question presented in this decision is whether a chapter 12 debtor, assuming the criteria of section 1229 are met, has an absolute right to modify a plan post-confirmation without having to show special, unusual or unanticipated circumstances. For the reasons that follow, the answer to the questions is: yes.

## JURISDICTION AND VENUE

This matter before the court is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (L), and (O), and the court has jurisdiction pursuant to 28 U.S.C. § 1334, 28 U.S.C. § 157(a) and the Standing Order of Reference issued by the United States District Court for the District of New Jersey on July 23, 1984, as amended on September 18, 2012, referring all bankruptcy cases to the bankruptcy court. The following constitutes this court's findings of fact and conclusions of law as required by Federal Rule of Bankruptcy Procedure 7052.

## PROCEDURAL HISTORY

This matter is before the court on the Debtor's second motion[1] for *Modification of Chapter 12 Plan after Confirmation Pursuant to § 1229(a) of the Bankruptcy Code*, filed July 27, 2017 (the "Motion") in which the Debtor sought permission to increase or reduce the amount of payments to particular classes under the confirmed plan and to extend or reduce the time for making such payments. Farm Credit objected to the Motion and implored the Court to give effect to the negotiated agreement between the parties. Farm Credit asserted that failure to do so may undermine the participatory nature of bankruptcy proceedings. In the alternative, Farm Credit argued that unless the Debtor can show some type of unanticipated change in circumstances to justify the proposed modification, the motion should be denied. The Chapter 12 Trustee also objected to confirmation of the modified plan. After considering the positions of the parties the court rendered an oral opinion during the hearing on the Motion. This opinion is intended to support that oral decision.

## FACTUAL BACKGROUND

The relevant facts are as follows. On November 2, 2015, the Debtor filed a voluntary petition for relief under chapter 12 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"). On January 29, 2016, the Debtor filed the *Debtor's Chapter 12 Plan of Reorganization* (the "Plan") (Doc. No. 75). After negotiations between the Debtor, the Trustee and its creditors prior to the confirmation hearing, the court confirmed the Plan with the parties to submit an order on consent. The parties then negotiated the terms of and the court entered an *Order Confirming Chapter 12 Plan* on April 19, 2016 (the "Confirmation Order") (Doc. No. 115). On October 28, 2016, the Debtor filed a *Motion for Modification of Chapter 12 Plan After*

---

[1] In as previous decision in this case, this court opined that chapter 12 cases are akin to chapter 13 cases. See *In re LaRosa Greenhouse, LLP*, 565 B.R. 304, 309-10 (Bankr. D.N.J. 2017). In New Jersey, chapter 13 post-confirmation plan modifications are usually not brought by motion. Rather a modified plan is filed and it is simply scheduled, on notice, for confirmation. However, there is no prohibition on bringing a plan modification by way of motion. If brought by motion, the court would simply treat the matter as a confirmation hearing because there really is no distinction between the two events since the same criteria would be considered. This court sees no discernable distinction between plan modification hearings scheduled in the ordinary course and modifications brought by way of motion. Its reasoning applied in this opinion applies equally to both.

*Confirmation Pursuant to § 1229(a) of the Bankruptcy Code* ("Motion to Modify Plan") (Doc. No. 159). Over the objections of various parties and after several hearings and submissions, the court entered its *Order Modifying Chapter 12 Plan After Confirmation Pursuant To § 1229(A) Of The Bankruptcy Code* on December 5, 2016 (Doc. No. 163) and its subsequent *Order Approving Motion To Modify Plan* on March 3, 2017 (Doc. No. 170).

Thereafter, the Debtor defaulted in payments required under the confirmed Plan and filed the Motion to remedy the default.

## DISCUSSION

> Section 1229 of the Bankruptcy Code controls post-confirmation modifications to Chapter 12 plans of reorganization. A plan may be modified on the request of the debtor, the trustee, or the holder of an allowed unsecured claim. 11 U.S.C. § 1229(a). Post-confirmation modifications may increase or reduce the amount of payments to a particular class, extend or reduce the time for making of such payments, or alter amount of distributions under the Plan to account for payments on the claim made outside the Plan. 11 U.S.C. § 1229(a). . . . Thus, by the express terms of the statute, modifications are only allowed in three limited circumstances.

*In re Fournier*, No. 96-10107FGC, 1998 WL 634210, at *4 (Bankr. D. Vt. Aug. 17, 1998) (internal citation omitted). *Collier on Bankruptcy* guides us by noting that "[b]ecuase of the difficulty in projecting income from a farming operation, requests for modification occur much more frequently . . . and modification should be viewed as a routine and expected part of a chapter 12 case." *Collier on Bankruptcy*, ¶ 1229.01[3] (Matthew Bender 2017).

Here, the Debtor seeks to modify the Plan to increase or reduce the amount of payments to particular class and to extend or reduce the time for making such payments. As such, the Debtor's request satisfies 11 U.S.C. § 1229(a) and the Motion is appropriate.

As noted by the court in *In re Dittmer*, 82 B.R. 1019, 1021–22 (Bankr. D.N.D. 1988), "[p]ost-confirmation modifications pursuant to section 1229 are made to appear disarmingly simple. There is nothing in the statute itself suggesting that the debtor bears a burden of demonstrating a change in circumstances in order to propose a modification." Other courts agree. *See In re Hudson*, No. 3:09-BK-07857-JAF, 2014 WL 837490, at *2 (Bankr. M.D. Fla. Feb. 28, 2014) ("Although § 1229 of the Bankruptcy Court explicitly authorizes modification of the plan, it contains no indication of the circumstances under which modification may be requested or the standards for determining whether to grant such a request, other than the limitations imposed by section 1229."); *In re Mader*, 108 B.R. 643, 647 (N.D. Ill. 1989) ("nothing in the Code itself mandates a showing by the debtor of some change in circumstances or unforeseen difficulties"); and *In re Hagen*, 95 B.R. 708, 711 (Bankr. D.N.D. 1989) (stating "this Court does not believe any particular showing of special or unusual circumstances is necessary in order for a debtor to request modification"). In *In re Larson*, 122 B.R. 417 (Bankr. D. Idaho 1991), the court noted:

> After consideration of the different approaches advanced by the authorities, this Court is unprepared to announce any absolute conditions or restrictions on the right to propose modifications to a confirmed Chapter 12 plan outside of those expressed in the statutes. Section 1229(a) contains no language which should be construed to require, as a matter of law, that the modification proponent prove a change in a debtor's financial or other circumstances as a basis for the desire to modify a plan. Had Congress intended that the Courts scrutinize the circumstances surrounding a case to decide if they 'warrant' the modification, it could have employed specific language incorporating such condition as they did in Section 1127(b).

122 B.R. at 420. The court is persuaded by the reasoning of the foregoing cases and agrees therewith. Simply put, special, unusual or unanticipated circumstances cannot control plan modification. Rather modification "[m]ust comply with Chapter 12's provisions pertaining to plan content and confirmation as set out in sections 1222(a), (b), 1223(c) and 1225(a), to no less a degree than if originally proposed." *Mader*, 108 B.R. 643, 647. *See also, Hagen*, 95 B.R. 708, 711; *Larson*, 122 B.R. 417, 420 and *Dittmer*, 82 B.R. 1019, 1021–22.

Confirmability is the key to modified plan confirmation post-confirmation. "When a debtor modifies a confirmed chapter 12 plan under § 1229, the debtor has the burden of proving that the modifications meet the confirmation requirements." *In re Hart*, 90 B.R. 150, 154 (Bankr. E.D.N.C. 1988) (citing *Dittmer*, 82 B.R. 1019, 1021). Courts have held that the debtor must show that there is a probability of actual performance of provisions of the plan. *In re Gardner*, 522 B.R. 137, 142 (Bankr. W.D.N.C. 2014); *Hart*, 90 B.R. 150, 154; *In re Crowley*, 85 B.R. 76, 78 (W.D. Wis. 1988); and *In re Konzak*, 78 B.R. 990 (Bankr. D.N.D. 1987). Undoubtedly, "pursuant to 11 U.S.C. § 1225(a)(6), the debtor must show he will be able to make all payment under the plan, and that he will be able to comply with the plan." *In re Daniels*, 531 B.R. 134, 141 (Bankr. W.D. La. 2015). "If a modification is contested by creditors who will be harmed if the plan does not work, the degree of proof required to demonstrate feasibility <u>will be higher</u> than if there is no objection to the modification." *Hart*, 90 B.R. 150, 154 (emphasis added) and *Gardner*, 522 B.R. 137, 142. Ultimately, the question is "[i]f the modified plan had been presented as the original plan, could it have been confirmed? If the answer is yes, the modification should be granted." *In re Couchman*, 477 B.R. 807, 810 (Bankr. D. Kan. 2012). So, special, unusual or unanticipated circumstances or the lack thereof, in and of itself, cannot control confirmation of a modified plan.

Certainly, a change in circumstances or lack thereof can be considered by the court when determining whether confirmation requirements have been met. *Hudson*, 2014 WL 837490, at *2 and *In re Grogg Farms, Inc.*, 91 B.R. 482 (Bankr. N.D. Ind. 1988). Indeed, the change in circumstances can be considered in connection with, *inter alia*, 11 U.S.C. § 1225(a)(3), which requires the debtor propose a plan in good faith. Likewise, the court might consider whether a debtor's attempt to wholly change the deal fully negotiated during the previous confirmation process is a sign of bad faith. Farm Credit here suggests that the *Grogg Farms* and *Day* cases support the position that a breach of the previously negotiated deal warrants denial of a plan modification. There are other cases which may support this proposition. *In re Couchman*, 477 B.R. 807, 812 (Bankr. D. Kan. 2012); *In re VDG Chicken, LLC*, No. BAP NV-10-1278-HKID, 2011

WL 3299089, at *6 (B.A.P. 9th Cir. Apr. 11, 2011) and *In re Fournier*, No. 96-10107FGC, 1998 WL 634210, at *4 (Bankr. D. Vt. Aug. 17, 1998). However, those cases are distinguishable because as the court reads them, the plans or orders specifically provided for remedies in the event of default against the debtors—such as stay relief. Even if the court could find that there was no distinction between those cases and this case, this court disagrees. The debtor's attempt to change a full negotiated deal cannot result in an unabridged denial of plan modification. The court appreciates that "Section 1229(a) was not designed to furnish a vehicle by which debtors may effectuate wholesale, after-the-fact changes in their plans." *In re Smith*, 447 B.R. 435, 449 (Bankr. W.D. Pa. 2011), *as amended* (Mar. 14, 2011) citing *In re Johnson*, 1995 WL 1943424 (Bankr. D.N.D. 1995). Nevertheless, in chapter 12 cases, debtors may change the terms of their confirmed plans. Of course, any wholesale change can be considered as part of the confirmation process and may even go to good faith.[2] But a wholesale change alone is insufficient to deny confirmation of a post-confirmation modification to a plan. The process requires <u>all</u> the confirmation requirements to be considered.

Also the court is not persuaded by any case law or argument that implies that a default in and of itself warrants a denial of plan modification. As said in *Mader*, 108 B.R. 643, such an "implication would be that no debtor who has a confirmed plan which addresses the eventuality of default could ever modify that confirmed plan. That conclusion appears to this Court unsupportable especially given the fact that the legislative history of section 1229 exclusively addresses the issue of the availability of post-confirmation credit to the family farmer." The court agrees.

The court also notes that the Plan in this case, at Part VII., specifically contemplates the possibility of plan modification. Despite the negotiations between the parties, this provision in the Plan was never taken out. "11 U.S.C. § 1227 states that, '[t]he provisions of a confirmed plan bind the debtor and each creditor . . . . The binding effect of confirmation may be reconciled with modification under section 1229, as § 1229 merely sets the parameters of modification after confirmation, while § 1227(a) is a statutory description of the effect of a confirmed or modified confirmed plan." *In re Buchholz*, 224 B.R. 13, 26 (Bankr. D.N.J. 1998). The parties are bound to the confirmed Plan which states it can be modified by its own terms.

---

[2] Indeed an attempt to circumvent a strong default clause after prolonged negotiations might evidence a lack of good faith.

## CONCLUSION

Accordingly, the court holds that the Debtor is not barred from seeking a modification of its Plan however, may only modify its Plan if it meets its burden under 11 U.S.C. § 1229(b), which incorporates §§ 1222(a), 1222(b), 1223(c) and 1225(a). A confirmation hearing on the modified Plan has been set for September 7, 2017.

The court reserves the right to revise its findings of fact and conclusions of law.

/s/ Andrew B. Altenburg, Jr.
United States Bankruptcy Judge

Dated: August 31, 2017